**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4441**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MOISES GAMBOA, a/k/a Mo,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Robert C. Chambers, District Judge. (3:10-cr-00111-9)

Submitted: January 30, 2018                 Decided: February 20, 2018

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Summer McKeivier, Valley Village, California, for Appellant. Carol A. Casto, United States Attorney, Monica D. Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Moises Gamboa pled guilty to aiding and abetting possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) and 18 U.S.C. § 2 (2012). The district court sentenced Gamboa to 200 months' imprisonment. Gamboa now appeals, challenging the district court's calculation of his Sentencing Guidelines range. We affirm.

Gamboa first argues that the district court clearly erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(a) (2016), based on the district court's finding that Gamboa was an organizer or leader of criminal activity. "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." *United States v. Thompson*, 874 F.3d 412, 414 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Thorson*, 633 F.3d 312, 317 (4th Cir. 2011) (recognizing that § 3B1.1 determination is factual finding reviewed for clear error). A defendant qualifies for a four-level enhancement if he "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a).

Here, the Government established that Gamboa initiated and controlled the terms of the organization's drug transactions, exercised control over other organization members' actions, and wielded decision-making authority. *See* USSG § 3B1.1 cmt. n.4 (describing factors to consider in applying leadership enhancement). Specifically, Gamboa determined the amount of marijuana to be fronted to a distributor, established the price per pound that the distributor would owe, instructed drivers to deliver marijuana

2

and collect money, and sent a participant to the site of a drug shipment to ensure that it would be successful. We therefore conclude that the district court did not clearly err in applying the four-level leadership enhancement. *See United States v. Cameron*, 573 F.3d 179, 185 (4th Cir. 2009); *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997); *cf. United States v. Bartley*, 230 F.3d 667, 673-74 (4th Cir. 2000) (affirming three-level enhancement under USSG § 3B1.1(b) where defendant set prices and terms of payment, arranged delivery logistics, and sent another to transport drugs on one occasion).

Gamboa next argues that the district court incorrectly applied a two-level enhancement under USSG § 2D1.1(b)(15)(C) based on the district court's finding that Gamboa was involved in the importation of marijuana from Mexico. A defendant qualifies for this enhancement if he receives an aggravating role adjustment under USSG § 3B1.1 and "was directly involved in the importation of a controlled substance." USSG § 2D1.1(b)(15)(C). This enhancement "applies if . . . the defendant committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused the importation of a controlled substance." USSG § 2D1.1 cmt. n.20(B). Having reviewed the record, we conclude that the district court did not clearly err in applying the importation enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3